UNITED STATES of America

v.

Joel KAYE and Salvatore Coniglio, Defendants.

No. 89 Cr. 185 (RPP).

United States District Court, S.D. New York.

April 17, 1990.

Otto Obermaier, U.S. Atty., S.D.N.Y. and James B. Comey, Asst. U.S. Atty., New York City, for U.S.

Alan E. Kudisch, Kew Gardens, N.Y., for defendant Joel Kaye.

The Legal Aid Society, Federal Defender Services Unit, New York City, for defendant Salvatore Coniglio.

OPINION

ROBERT P. PATTERSON, Jr., District Judge.

This Court, having received post-trial motions on behalf of Joel Kaye and Salvatore Coniglio pursuant to Rules 29(c) and 33 of the Federal Rules of Criminal Procedure, denies both motions.

With a single exception, the motions pursuant to Rule 29(c) are little more than a reiteration of counsel's summations in which the jury was asked to draw inferences in favor of the defendants. The jury did not do so, but obviously drew inferences from the facts presented in favor of the government's case.

There was evidence presented by the government relating to each of the essential elements of the crimes charged in the indictment.

■ The government's proof was sufficient for a jury to conclude that a robbery could not have occurred in the manner claimed by defendants in support of Morris Kaye & Sons' insurance claims. That proof related to: (1) the amount of furs allegedly stolen; (2) the time available to the alleged robbers to remove the furs; (3) the unavailability of more than one exit from the building for the "robbers"; (4) time limitations on the unobserved use of

that exit by the "robbers"; (5) the pre-robbery behavior of the defendants; (6) the financial condition of the company; and (7) the post-robbery sales of merchandise. This evidence, when viewed in the context of Murray Cohen's testimony about Kaye and Coniglio's conversations and behavior, was ample support for the jury's findings. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *United States v. Torres,* 901 F.2d 205, (2d Cir.1990); *United States v. Chang An–Lo,* 851 F.2d 547, 554 (2d Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 493, 102 L.Ed.2d 530 (1988); *United States v. Badalamenti,* 794 F.2d 821, 828 (2d Cir.1986); *United States v. Carson,* 702 F.2d 351, 362 (2d Cir.), *cert. denied,* 462 U.S. 1108, 103 S.Ct. 2456, 2457, 77 L.Ed.2d 1335 (1983).

■ Defendant Coniglio contends that the government failed to establish his motive to participate in the fraud. Coniglio was shown to be almost an older brother to Kaye, as well as a key employee who would have had the motive of attempting to save the business, with which he had such a long and key relationship.

■ The single exception to the reiteration of summations in these motions is the contention by Coniglio alone that, in violation of Rule 403 of the Federal Rules of Evidence, the Court erred in balancing the prejudicial effect of the fur display against the evidentiary value of allowing Mr. Newman to testify as an expert pursuant to Rule 702 of the Federal Rules of Evidence as to the bulk of merchandise which would have been involved had the alleged robbery taken place. The requisite balancing test was used by the Court and the prejudicial effect was judged minimal. Defendant Kaye's counsel in his opening had made the weight and bulk of the furs an issue. Mr. Newman's expert testimony and display informed the jury on those issues. In his defense, defendant Kaye utilized the fur display to show how easily the furs involved could have been removed from the premises by the use of straps and hooks used in the trade. The basis for Coniglio's contention appears to be an objection not to the fur demonstration but to the testimony of Mr. Balaklaw, whose inventory of the furs "stolen," based on the books and records of Morris Kaye & Sons, formed the basis for the assemblage of fur coats and skeins displayed by Mr. Newman. Defendants' counsel cross-examined Mr. Balaklaw and could have presented counter-evidence based on the same books and records, but chose not to, nor did they chose to develop any other contrary evidence.

The expert, Richard Newman, testified under lengthy cross-examination by Coniglio's counsel, as to what way the display differed from the inventory, and the jury was in a position to weigh the possibility that the "robbers" could have, in fact, stolen any lesser amount of inventory that the evidence might have established.

In view of the foregoing, the motions of defendants Kaye and Coniglio are denied.

IT IS SO ORDERED.